F I L E D
**United States Court of Appeals
Tenth Circuit**

APR 9 2003

**PATRICK FISHER
Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

GILBERTO CRUZ-ARELLANES,

      Defendant - Appellant.

No. 02-4100
(D.C. No. 02-CV-345-C)
(D. Utah)

---

**ORDER DENYING
APPLICATION FOR A CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

---

Mr. Cruz-Arellanes pleaded guilty to illegal re-entry of a deported alien, 8 U.S.C. § 1326, and was sentenced to a term of 46 months and 36 months supervised release. He did not appeal. He then filed a 28 U.S.C. § 2255 motion, claiming (1) that his sentence is in excess of the two years authorized by statute, and (2) even if authorized by statute, the statute is unconstitutional because it authorizes an increased maximum penalty based upon facts found by a judge on proof less than beyond a reasonable doubt. In his memorandum supporting his motion, he also argued that the indictment was faulty, his conviction was obtained in violation of the Fifth and Sixth Amendments, and he received ineffective assistance of counsel. In seeking to appeal, he renews his claims and argues that

"[i]t is fundamentally unfair to tell anyone, including petitioner, that by pleading guilty one faces a certain resolution by no more than 2 years in prison and then, at sentencing, hammer him with almost double that amount of incarceration." Aplt. Br. at 4.

For this court to have jurisdiction in this matter, a certificate of appealability ("COA") must be granted. Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003). Mr. Cruz-Arellanes has applied for a COA, which requires a showing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Our task is to assess generally the merits of the claims contained in the § 2255 motion, without fully deciding those claims. Miller-El, 123 S. Ct. at 1039. We do not find the district court's resolution of the claims advanced by Mr. Cruz-Arellanes to be debatable or wrong. See 1 R. (2:02-CV-345C) Doc. 4. We obtained the district court file of the criminal proceeding (2:01-CR-00224-001C), and it is apparent that Mr. Cruz-Arellanes was advised that the government was seeking an enhancement pursuant to § 1326(b)(2), based upon prior aggravated felonies, resulting in potential 20 year sentence. 1 R.S. (2:01-CR-00224-001C) Doc. 2 (Notice of Sentencing Enhancement); Attach. (Statement by Defendant in

Advance of Guilty Plea); Sent. Tr. 8-10 (in which Mr. Cruz-Arellanes, after being advised of the probable sentence before its imposition, argued only that he did not know it was a crime to come back after being deported).

We DENY Mr. Cruz-Arellanes' application for a COA.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge